# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOMER HARRIS,** | **CASE NO. 1:17-CV-1383 AWI BAM** |
| **Plaintiff** | |
| v. | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| **ATHENE ANNUITY & LIFE ASSURANCE COMPANY; PROTECTIVE LIFE INSURANCE COMPANY; and Does 1 through 50, inclusive,** | (Doc. No. 7) |
| **Defendants** | |

This case stems from the alleged non-payment of a life insurance policy purchased by Homer Harris ("Harris," "Plaintiff") from Athene Annuity & Life Assurance Co. ("Athene"), now allegedly sold to Protective Life Insurance Co. ("Protective") (collectively, "Defendants").

Plaintiff has alleged four claims against Defendants: (I) breach of contract, (II) breach of the implied obligation of good faith and fair dealing for failure to pay, (III) breach of fiduciary duty, and (IV) negligence.

Defendants have filed a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief might be granted on Plaintiff's breach of fiduciary duty and negligence claims.[1] *See*

---

[1] Defendants also question in a footnote whether Plaintiff has joined all necessary parties, as required by Fed. R. Civ. P. 19. Defendants argue that Plaintiff's policy identifies Alliance Mortgage Company ("Alliance") as the primary beneficiary to the policy at issue, and therefore Alliance has an interest in the outcome of the litigation and should have been joined as a party "to avoid the risk of multiple and/or inconsistent obligations . . . ." Plaintiff responds that he does not believe Alliance is a necessary party, though he has no opposition to adding Alliance as a proper party. However, this Court finds Defendants' suggestion, made in a footnote, an improper way in which to address this issue. If Defendants wish to formally challenge Plaintiff's decision not to add Alliance, they should do so in a separate

*Valley Air Conditioning & Repair, Inc. v. Beneficial Life Ins. Co.,* 2007 WL 2758018, at *2 (E.D. Cal. Sept. 19, 2007) ("[U]nder California law an insurer does not owe fiduciary duties to its insured or to beneficiaries."); *see also Hergenroeder v. Travelers Prop. Cas. Ins. Co.*, 249 F.R.D. 595, 623 (E.D. Cal. 2008) ("California courts have not permitted general negligence causes of action in insurance-related cases.").

Plaintiff filed a notice of non-opposition to Defendants' motion.

Accordingly, this Court GRANTS Defendants' motion for failure to state a claim on claim III for breach of fiduciary duty, and claim IV for negligence. *See Panhandle Residents Org. v. City & Cty. of San Francisco*, WL 61082, at *1 (N.D. Cal. Feb. 10, 1994) (where the plaintiffs filed non-oppositions to the defendant's motions to dismiss, the motion was granted).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(6) motion is GRANTED and the third and fourth causes of action are dismissed; and

2. This case is referred back to the magistrate judge for purposes of holding a scheduling conference.

IT IS SO ORDERED.

Dated:   January 5, 2018                         _____
                                                 SENIOR DISTRICT JUDGE

---

motion under Rules 12(b)(7) and Rule 19.  Alternatively, the Court recognizes that the parties have a joint scheduling conference set for March 13, 2018 before Magistrate Judge McAuliffe, and so suggests that the parties might confer and address this issue prior to or at the scheduling conference.